Anna C. Little, Esq.
97 Navesink Avenue
P.O. Box 382
Highlands, N.J. 07716 - 0382
Attorney for Jay Kay Jay, Inc.
(732)708-1309

RECEIVED

SEP 14 2007

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**US DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WB MUSIC CORP. et al.

Plaintiffs
vs.

**DOCKET NO. 3:07cv-3439(GEB)**

JAY KAY JAY, INC. and
KATHLEEN A. TARTIVITA

Defendants
Vs.

CABLEVISION

Third-Party Defendants

**CIVIL ACTION**
**ANSWER, COUNTER-CLAIM, THIRD-PARTY**
**COMPLAINT AFFIRMATIVE DEFENSES &**
**JURY DEMAND**

Jay Kay Jay, Inc. by way of Answer to the complaint of the plaintiffs hereby says:

**FIRST COUNT**

1. The defendants deny the allegations of paragraph one.
2. The defendants deny the allegations of paragraph two.
3. The defendants deny the allegations of paragraph three.
4. The defendants deny the allegations of paragraph four.
5. The defendants deny the allegations of paragraph five.
6. The defendants deny the allegations of paragraph six.
7. The defendants deny the allegations of paragraph seven.
8. The defendants deny the allegations of paragraph eight.
9. The defendants deny the allegations of paragraph nine.
10. The defendants deny the allegations of paragraph ten.
11. The defendants deny the allegations of paragraph eleven.
12. The defendants deny the allegations of paragraph twelve.

13. The defendants deny the allegations of paragraph thirteen.
14. The defendants deny the allegations of paragraph fourteen.

Wherefore the defendants demand judgment in their favor and against the plaintiffs, together with attorney fees, costs of suit and such other relief as the Court deems proper and just.

## COUNTER-CLAIM

By way of Counter-Claim against the plaintiffs the defendants hereby say:

### FIRST COUNT

1. On or about September 1, 1992 the defendant Jay Kay Jay, Inc. entered into an agreement with ASCAP for a license for the right to play music by performers licensed by ASCAP.

2. The agreement was in place until 1994 when ASCAP was notified of the contract with Cablevision (then TRK) who were licensed by ASCAP and paying the licensing fees.

3. ASCAP consented to the validity of the agreement between Cablevision and did not contact the defendants for payment for the next 10 years.

4. In 2004 ASCAP sent the defendants a new licensing agreement which was signed by the defendants and the fees paid.

5. At the time of the alleged copyright infringement the defendants were licensed to play the subject music either by contract with DMX or licensing agreement with ASCAP.

6. The defendants did not infringe on the copyrights of the plaintiffs.

Wherefore the defendants demand judgement against the plaintiffs as follows:

1. Compensatory damages
2. Costs of suit
3. Such other relief as the Court deems appropriate.

### SECOND COUNT

1. The allegations of the FIRST COUNT are repeated herein as if set down at length.

2. The plaintiffs have conspired with the ASCAP to defraud the defendants.

2

3. The plaintiffs have attempted to extort money from the defendants while at the same time accepting money from ASCAP and the defendants for the licensing rights to play their music.

4. The actions of the plaintiffs are fraudulent.

5. The actions of the plaintiffs are in violation of **N.J.S.A. 56:8-2 et seq.**, the New Jersey Consumer Fraud Act.

Wherefore the defendants demand judgment against the plaintiffs as follows

1. For treble damages in accordance with the Consumer Fraud Act.
2. Compensatory damages.
3. Punitive damages.
4. For cost and legal fees.
5. Interest to the date of payment.
6. Such other relief as the Court deems appropriate.

### THIRD COUNT

1. The allegations of the FIRST and SECOND COUNTS are repeated herein as if set down at length.

2. The defendants did not infringe on the copyrights of the plaintiffs.

3. The defendants did not play the alleged musical compositions of the plaintiffs at any time.

Wherefore the defendants demand judgment against the plaintiffs as follows:

1. Dismissal of the complaint.
2. Damages
3. Legal fees and costs of suit.
4. Such other relief as the Court deems appropriate.

### THIRD-PARTY COMPLAINT

By way of Third-Party Complaint against Cablevision, the defendants Kathleen A. Tartivita and Jay Kay Jay, Inc. hereby say:

1. On or about July 13, 1994 the defendants entered into a contract with Cablevision (then TKR) for service at 77 Highway 36, Keansburg, NJ, a bar.

2. Cablevision represented to the defendants that the Digital Music Service (DMX) was fully licensed by both ASCAP and BMI and all of the licensing fees were paid by Cablevision.

3

3. Cablevision further represented that the defendants were fully covered by those licensing fees and that no additional payments were required.

4. The defendants paid the monthly fees to Cablevision and relied on their representations.

5. The representations of Cablevision were false and the defendants were harmed monetarily by their reliance on the representations of Cablevision.

Wherefore the defendants, Jay Kay Jay, Inc. and Kathleen A. Tartivita, demand judgment from Cablevision as follows:

1. Compensatory damages.
2. Return of payments.
3. Punitive damages.
4. Cost of suit.
5. Such other relief as the Court may deem proper.

### SEPARATE AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over these defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the complaint on the grounds of lack of jurisdiction because of the insufficiency of process and/or service.
2. The complaint is barred by the applicable Statute of Limitations.
3. The court lacks personam jurisdiction over the defendants and these defendants reserve the right to quash service of the summons and complaint.
4. The alleged damages sustained by the plaintiff are the proximate result of the acts and/or omissions of parties over which these defendants have no control.
5. These defendants violated no legal duty owing to the plaintiff.
6. At the time and place mentioned in the complaint these defendants were not guilty of the acts which were the proximate cause of the alleged damages to the plaintiffs.
7. The plaintiffs have unclean hands.
8. The plaintiffs are guilty of contributory negligence.
9. The complaint herein fails to state a claim upon which relief can be granted as to these defendants and these defendants reserve the right to move at or before trial, to dismiss the complaint for failure to state a claim upon which relief can be granted.
10. The alleged damages resulted from circumstances and conditions beyond the control of these defendants.
11. These defendants assert that the plaintiff have failed to mitigate damages.
12. These defendants assert that the plaintiffs are guilty of violating the Consumer Fraud Statutes.
13. These defendants assert that the plaintiffs have colluded with others to harm the defendants.
14. Fraud.

4

Wherefore, the defendants demand judgment to dismiss the complaint of the plaintiffs together with counsel fees, interest, costs of suit and such other relief as the Court deems appropriate and just.

## JURY DEMAND

The defendant, Jay Kay Jay, Inc., hereby demands a trial by jury as to all issues.

Dated: September 13, 2007         *Anna C. Little, /s/*

Anna C. Little, attorney for
Jay Kay Jay Inc.