Kathleen A. Tartivita
156 Bayside Drive
P.O. Box 142
Atlantic Highlands, N.J.  07716 - 0142
Defendant, pro se (732) 872-2145

RECEIVED

SEP 1 4 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

US DISTRICT COURT
DISTRICT OF NEW JERSEY

WB MUSIC CORP. et al

Plaintiffs
vs.

DOCKET NO. 3:07-cv-03439(GEB)

JAY KAY JAY, INC. and
KATHLEEN A. TARTIVITA

Defendants

## CIVIL ACTION
## ANSWER , COUNTER-CLAIM,
## AFFIRMATIVE DEFENSES & JURY DEMAND

Kathleen A. Tartivita by way of Amended Answer to the complaint of the plaintiffs hereby says:

## FIRST COUNT

1. The defendant denies the allegations of paragraph one.
2. The defendant denies the allegations of paragraph two.
3. The defendant denies the allegations of paragraph three.
4. The defendant denies the allegations of paragraph four.
5. The defendant denies the allegations of paragraph five.
6. The defendant denies the allegations of paragraph six.
7. The defendant denies the allegations of paragraph seven.
8. The defendant denies the allegations of paragraph eight.
9. The defendant denies the allegations of paragraph nine.
10. The defendant denies the allegations of paragraph ten.
11. The defendant denies the allegations of paragraph eleven.
12. The defendant denies the allegations of paragraph twelve.
13. The defendant denies the allegations of paragraph thirteen.
14. The defendant denies the allegations of paragraph fourteen.

Wherefore the defendant Kathleen A. Tartivita demand judgment in their favor and against the plaintiffs, together with attorney fees, costs of suit and such other relief as the Court deems proper and just.

1

# COUNTER-CLAIM

By way of Counter-Claim against each and every named plaintiff the defendant Kathleen A. Tartivita hereby says:

## FIRST COUNT

1. On or about September 1, 1992 the defendant Jay Kay Jay, Inc. entered into an agreement with ASCAP for a license for the right to play music by performers licensed by ASCAP.

2. The agreement was in place until 1994 when ASCAP was notified of the contract with Cablevision (then TRK) who were licensed by ASCAP and paying the licensing fees.

3. ASCAP consented to the validity of the agreement between Cablevision and did not contact the defendants for payment for the next 10 years.

4. In 2004 ASCAP sent the defendants a new licensing agreement which was signed by the defendants and the fees paid.

5. At the time of the alleged copyright infringement the defendants were licensed to play the subject music either by contract with DMX or licensing agreement with ASCAP.

6. The defendant did not infringe on the copyrights of the plaintiffs.

Wherefore the defendant demands judgement against the plaintiffs as follows:

1. Dismissal of the suit.
2. Compensatory damages
3. Costs of suit
4. Such other relief as the Court deems appropriate.

## SECOND COUNT

1. The allegations of the FIRST COUNT are repeated herein as if set down at length.

2. The plaintiffs have conspired with the ASCAP to defraud the defendants.

3. The plaintiffs have attempted to extort money from the defendants while at the same time accepting money from ASCAP and the defendants for the licensing rights to play their music.

4. The actions of the plaintiffs are fraudulent.

Wherefore the defendant demands judgment against the plaintiffs as follows

1. For treble damages for Fraud.
2. Compensatory damages.
3. Punitive damages.
4. For cost and legal fees.
5. Interest to the date of payment.
6. Such other relief as the Court deems appropriate.

## THIRD COUNT

1. The allegations of the FIRST and SECOND COUNTS are repeated herein as if set down at length.

2. The defendant did not infringe on the alleged copyrights of the plaintiffs.

3. The defendants did not play the alleged musical compositions of the plaintiffs at any time.

Wherefore the defendant demand judgment against each of the individual plaintiffs as follows:

1. Dismissal of the complaint.
2. Damages
3. Legal fees and costs of suit.
4. Such other relief as the Court deems appropriate.

## FOURTH COUNT

1. The allegations of the FIRST, SECOND and THIRD COUNTS are repeated herein as if set down at length.

2. The individual plaintiffs have obtained payment from ASCAP for the license rights to their music.

3. The individual plaintiffs have sued this defendant for the sole purpose of extorting additional payments to which they are not entitled.

4. The actions of the individual plaintiffs have been carried out with malice and with the intent of harming the defendants.

5. The defendants have been harmed by the actions of the individual plaintiffs.

Wherefore the defendant demands judgment against each of the individual plaintiffs as follows:

3

1. Dismissal of the suit.
2. Compensatory damages
3. Punitive damages
4. Legal fees
5. Costs of suit
6. Such other relief as the Court deems appropriate

## SEPARATE AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over these defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the complaint on the grounds of lack of jurisdiction because of the insufficiency of process and/or service.
2. The complaint is barred by the applicable Statute of Limitations.
3. The court lacks personam jurisdiction over the defendants and these defendants reserve the right to quash service of the summons and complaint.
4. The alleged damages sustained by the plaintiff are the proximate result of the acts and/or omissions of parties over which these defendants have no control.
5. These defendants violated no legal duty owing to the plaintiff.
6. At the time and place mentioned in the complaint these defendants were not guilty of the acts which were the proximate cause of the alleged damages to the plaintiffs.
7. The plaintiffs have unclean hands.
8. The plaintiffs are guilty of contributory negligence.
9. The complaint herein fails to state a claim upon which relief can be granted as to these defendants and these defendants reserve the right to move at or before trial, to dismiss the complaint for failure to state a claim upon which relief can be granted.
10. The alleged damages resulted from circumstances and conditions beyond the control of these defendants.
11. These defendants assert that the plaintiff have failed to mitigate damages.
12. These defendants assert that the plaintiffs are guilty of violating the Consumer Fraud Statutes.
13. These defendants assert that the plaintiffs have colluded with others to harm the defendants.
14. Fraud.

Wherefore, Kathleen A. Tartivita demands judgment to dismiss the complaint of the plaintiffs together with counsel fees, interest, costs of suit and such other relief as the Court deems proper and just.

Dated: September 13, 2007

Kathleen A. Tartivita, defendant, pro se

4

## JURY DEMAND

The defendant, Kathleen A. Tartivita, hereby demands a trial by jury as to all issues.

Dated: September 13, 2007

_____
Kathleen A. Tartivita, pro se