SCHUMANN HANLON LLC
30 Montgomery Street, 15th Floor
P.O. Box 2029
Jersey City, New Jersey 07302
(201) 432-2000
Attorneys for Plaintiff
David K. DeLonge (DD9662)

| | |
|---|---|
| WB MUSIC CORP., MOTHER CULTURE PUBLISHING, SONY/ATV CROSS KEYS PUBLISHING, INC., EMI WATERFORD MUSIC, INC., WEBO GIRL PUBLISHING, HIDEOUT RECORDS AND DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION), GNAT BOOTY MUSIC, SMELLY SONGS AND ZOMBA ENTERPRISES, INC.,<br><br>      Plaintiffs,<br>-against-<br><br>JAY KAY JAY, INC. AND KATHLEEN A. TARTIVITA,<br><br>      Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>   Civil Action<br>  No. 07-3439(GEB)<br><br><br><br>ANSWER TO COUNTERCLAIM OF DEFENDANT TARTIVITA |

Plaintiffs, for their Answer to the Counterclaim of Defendant Kathleen A. Tartivita:

## AS TO THE FIRST COUNT

1.     Aver that the license agreement between the American Society of Composers, Authors and Publishers ("ASCAP") and Jay Kay Jay, Inc., entered into in 1992 (the "ASCAP License"), was breached by Jay Kay Jay, Inc., Inc., as a result of Jay Kay Jay's default in payment of license fees required to be paid under the ASCAP license; that the ASCAP License was duly terminated by ASCAP effective April 1, 2004; and deny all other allegations of paragraph one Count One of the Counterclaim.

2. Deny all of the allegations of paragraph two of Count One of the Counterclaim and refer defendant to the averments set forth in paragraph one above.

3. Deny all of the allegations of paragraph 3 of Count One of the Counterclaim.

4. Except to state that ASCAP offered to enter a new agreement with Jay Kay Jay, Inc. in 2004 if defendants paid past due license fees, and that the attempt was not successful, the allegations or Paragraph 4 Count One of the Counterclaim are denied.

5. Deny all of the allegations of paragraph 5 of Count One of the Counterclaim and refer defendant to the averments set forth in paragraph one above.

6. Deny all of the allegations of paragraph 6 of Count One of the Counterclaim.

## AS TO THE SECOND COUNT

1. Plaintiffs repeat and incorporate the responses to the allegations of the First Count as though more fully set forth at length herein.

2. Deny all of the allegations of paragraph 2 of Count Two of the Counterclaim.

3. Deny all of the allegations of paragraph 3 of Count Two of the Counterclaim.

4. Deny all of the allegations of paragraph 4 of Count Two of the Counterclaim.

## AS TO THE THIRD COUNT

1. Plaintiffs repeat and incorporate herein the responses to the allegations of the First and Second Counts as though more fully set forth at length.

2. Deny all of the allegations of paragraph 2 of Count Three of the Counterclaim.

3. Deny all of the allegations of paragraph 3 of Count Three of the Counterclaim.

## AS TO THE FOURTH COUNT

1. Plaintiffs repeat and incorporate herein the responses to the allegations of the First, Second and Third Counts as though more fully set forth at length.

2. Except to state that the individual plaintiffs may receive payments from ASCAP in accordance with the terms of their Member Agreements, the allegations of paragraph 2 are denied.

3. Deny all allegations of paragraph 3 of Count Four of the Counterclaim.

4. Deny all allegations of paragraph 4 of Count Four of the Counterclaim.

5. Deny all allegations of paragraph 5 of Count Four of the Counterclaim.

## SEPARATE DEFENSES

1. The Counterclaim fails to state a claim upon which relief may be granted.

2. The Counterclaim fails to plead allegations of fraud with particularity.

3. The New Jersey Consumer Fraud Act is not applicable to defendant's business operation.

4. Any and all claims for harassment and damage resulting from the pending litigation in plaintiff's Complaint herein constitutes a claim for malicious prosecution and is premature and therefore must be dismissed.

5. The Counterclaim is barred by the applicable Statute of Limitations.

6. The alleged damages of defendant are the proximate result of the acts and/or omissions of parties over which the plaintiffs have no control.

7. The Counterclaim is deficient for failure to join indispensable parties.

WHEREFORE, Plaintiffs pray that

I. The counterclaims should be dismissed;

II. The plaintiffs should be awarded their attorney's fees and costs for having to defend against the counterclaims; and

III. The Court should award plaintiffs such relief as the Court deems just.

                                              **SCHUMANN HANLON LLC**
                                              Attorneys for Plaintiffs

                                BY:  /s/ *David K. DeLonge*
                                          David K. DeLonge (DD9662)

Dated: September 21, 2007