Kathleen A. Tartivita
PO Box 142
Atlantic Highlands, NJ 07716
(732) 872-2145

RECEIVED
OCT 2 2 2007
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Honorable John J. Hughes
US magistrate Judge
402 East State Street
Trenton, NJ 08608

Re: **WB Music Corp. et als v. Jay Kay Jay, Inc & Tartivita**
     **Civil Case No. 3:07cv-3439**

October 19, 2007

Hon. Magistrate Hughes,

    Kindly accept this Letter Brief in Support of my motion to dismiss the complaint and other relief in the above captioned case.

    The plaintiffs' complaint in this case consists of one count alleging copyright infringement. The plaintiffs contend that the defendants played musical compositions, for which they hold a copyright, in May of 2007 at a bar known as Pumps Plus. Jay Kay Jay, Inc. holds the liquor license for the bar and Kathleen A. Tartivita is the president of Jay Kay Jay, Inc.

    The plaintiffs further contend that the defendants were not licensed by The American Society of Composers, Authors and Publishers ( hereinafter "ASCAP") to play the compositions.

    As set forth in the attached Certification of Kathleen A. Tartivita, the defendants paid and continue to pay ASCAP the licensing fees to play the music of any artists who are members of ASCAP. For the purpose of this motion the Court may assume that the facts set forth in the complaint are true. ( **Hoffman La Roche Inc. et al v. Genpharm, Inc, US District Court, District of New Jersey; Civ. No. 98-1124 (WHW) 1999).**

    In this case that would mean accepting as true the plaintiffs' claim that (1) the artists are members of ASCAP (2) that their compositions are copyrighted and (3) that the music of the plaintiffs was played at the bar.

1

However, since the defendants have paid ASCAP the appropriate licensing fees to play the alleged compositions, there can be no copyright infringement. All of the facts of payment have been set forth in the Certification and Letter Brief of Kathleen A. Tartivita which accompanies the Summary Judgment motion for the first copyright infringement suit.

The plaintiffs have no cause of action against the defendants and this suit was filed in bad faith to coerce the defendants to settle the false claims and pay extortion money to ASCAP (not the plaintiffs).

As to the stay of discovery in this case, it is apparent that the plaintiffs did not conduct a thorough or even reasonable pre-filing investigation of the status of the ASCAP license fees paid by the defendants. Or, as appears to be the case, they totally ignored the results of that investigation and filed these two suits to force the defendants to pay additional and duplicative fees to ASCAP. In other words, in bad faith and in spite of all of the evidence to the contrary, ASCAP is deceptively using the plaintiffs to extort additional fees from the defendants under the guise of a copyright infringement case.

The plaintiffs have put a tremendous burden on the defendants and have done so in bad faith. I am asking that the Court stay any further discovery in this case, including the Initial Conference now scheduled for November 15, 2007, pending a hearing on this motion to dismiss.

As can be seen from the above, the claims of the plaintiffs are without any basis and must be dismissed. If any copyrighted music of the plaintiffs was played in May of 2007 at the bar, the defendants were licensed to play it by virtue of the fact that the ASCAP fees were paid for 2007.

ASCAP was paid to protect the defendants from copyright infringement claims but they have breached that agreement with the defendants. While accepting the fees which they set forth in the agreement of June 29, 2004*, they breached that agreement and sued the defendants. While not a party to the litigation, ASCAP is the real party in interest and has manipulated this Court by using a copyright infringement suit to extort additional license fees from the defendants.

---

* In plaintiffs answer to the counter-claim (Count One, Paragraph 4) of the defendants they admit that ASCAP offered the defendants a new contract in June of 2004. That agreement included a new rate of $949.00 per year as licensing fees and the defendants have been paying ASCAP at that rate since 2004 after signing the agreement. That document is attached to the prior Certification of Tartivita as **EXHIBIT F**.

Under New Jersey law every contract contains an implied covenant of good faith and fair dealing. See **Sons of Thunder, Inc. v. Borden, Inc.** 148 NJ 396, 690 A.2d 575 (1997) also holding that

*" neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."*

Clearly, even while accepting licensing fees from the defendants and TRK/Cablevision, ASCAP instituted this suit on behalf of the plaintiffs showing strong evidence of bad faith and malice.

There is no set of facts that the plaintiffs can present to this Court which will provide them with any grounds for winning this lawsuit. There was no copyright infringement and that being their only claim, the lawsuit must be dismissed.

When there are no genuine issues of material facts the Court may dismiss the case or grant summary judgment in favor of the moving party. **Brill v. Guardian Life Ins. Co. of America**, 142 NJ 520 (1995).

For all of the above and the facts and documents set forth on the attached Certification of Kathleen A. Tartivita, I request that the Court grant my motion to dismiss the complaint of the plaintiffs with prejudice.

Respectfully submitted,

*[signature]*

Kathleen A. Tartivita

Printout with enc:   Anna C. Little , Esq.
                     Schumann Hanlon, LLC

3