**David K. DeLonge (DD9662)**
**SCHUMANN HANLON LLC**
**30 Montgomery Street, 15th Floor**
**P.O. Box 2029**
**Jersey City, New Jersey 07302**
**(201) 432-2000**
**Attorneys for Plaintiffs**

| | |
|---|---|
| WB MUSIC CORP., MOTHER CULTURE PUBLISHING, SONY/ATV CROSS KEYS PUBLISHING, INC., EMI WATERFORD MUSIC, INC., WEBO GIRL PUBLISHING, HIDEOUT RECORDS AND DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION), GNAT BOOTY MUSIC, SMELLY SONGS AND ZOMBA ENTERPRISES, INC., <br><br>　　　　Plaintiffs,<br>-against-<br><br>JAY KAY JAY, INC. AND KATHLEEN A. TARTIVITA,<br><br>　　　　Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>　　Civil Action<br>　　No. 07-3439(GEB)<br><br><br><br><br><br>PLAINTIFFS' DISCOVERY PLAN |

　　*1.　For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number. In addition, the lead counsel on each side should bring a business card which contains his/her e-mail address to the Rule 16 Scheduling Conference.*

```
Plaintiffs' attorney:
David K. DeLonge (DD 9662)
SCHUMANN HANLON LLC
30 Montgomery Street, Suite 1501
P.O. Box 2029
Jersey City, New Jersey 07302
dkdelonge@shdlaw.com

Defendant Jay Kay Jay, Inc.'s attorney:
Anna C. Little, Esq.
97 Navesink Avenue
P.O. Box 382
Highlands, NJ 07732
```

Pro se defendant:
Kathleen A. Tartivita,
P.O. Box 142
Atlantic Highlands, New Jersey 07716

*2a.  Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.*

Plaintiffs seek damages for infringement of their copyrights on musical compositions performed on May 30, 2007 at defendant's place of business, a "go-go" bar in Keansburg, New Jersey called "Pumps Plus".  Jay Kay Jay/Pumps Plus entered a Licensing Agreement with the American Society of Composers, Authors and Publishers ("ASCAP") in 1992, but the License Agreement was terminated in April 2004 for nonpayment of fees. Plaintiffs seek to enjoin defendants' unauthorized performance of the copyrighted musical compositions and also seek statutory damages of not less than $750.00 nor more than $30,000.00 for each of fourteen infringements pursuant to 17 U.S.C. § 504(c)(1).

Plaintiffs state that even if Jay Kay Jay did hold a valid agreement with DMX on May 30, 2007, the music was not performed at Pumps Plus within the terms and license provided in the DMX agreement.  Plaintiffs further state that defendants' performance of the music at Pumps Plus does not come within the permitted use as set forth in the terms governing the relationship between ASCAP and the current operator of DMX.

Defendant alleges an agreement with musical service DMX for piped in digital music and contends that the agreement included permission to perform copyrighted songs and that DMX had already paid the required fees to ASCAP and BMI.

(b)   *Is this a fee shifting case?*

    Yes; Copyright Act, 17 U.S.C. § 505

3.   *Has this action been: Settled __No__ Discontinued_NO_____
     If so, has there been a Stipulation/Dismissal Filed?*

    Not applicable.

4.   *Have settlement discussions taken place?*

    Defendants have not responded to an initial inquiry

by David K. DeLonge, Esq. as to the possibility of settlement.

    5.   *Core discovery needed to be able to discuss settlement in a meaningful way.*

> Plaintiffs need discovery of
> (1) all allegations of defendants and of any matters which support defenses,
> (2) amount of licensing fees defendants would have incurred during applicable period of time.

    6.   *The parties [have_____ have not _____] exchanged the information required by Rule 26(a)(1). If not, state the reason therefore.*

> Plaintiffs have submitted Rule 26(a)(1) disclosures to defendants.
>
> Defendants have made no disclosures.

    7.   *Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).*

> Defendant Tartivita refuses to communicate with plaintiffs' attorney by telephone. Defendants have not responded to joint discovery plan proposed by plaintiffs.

    8.   *The parties have **not** conducted discovery other than the above disclosures. If so, describe.*

    9a.  *The parties have met pursuant to Fed.R.Civ.P.26(f)*

> None.

    10a. *The following is **not** a proposed joint discovery plan. It is plaintiffs' proposal.*

> All facts which relate to any defenses asserted by the defendants including but not limited to allegations that a supplier's license with DMX for piped in digital music protects defendants and that the supplier has allegedly paid fees to ASCAP and to BMI.
>
> Any issues relating to defendant's default under License Agreement and ASCAP's termination of License Agreement with defendants on April 1, 2004.
>
> Facts relating to defendants' use of DJ to perform music

        at Pumps Plus.

(b) Discovery should be conducted in phases or be limited to particular issues. Explain.

    Discovery should be conducted in phases. Plaintiffs wish to defer discovery of DMX until initial discovery is concluded with defendants.

(c) Maximum of 60 interrogatories by each party to each other party.

(d) Maximum of 3 depositions to be taken by each party

(e) Plaintiff's expert report due on <u>n/a        </u>.

(f) Defendant's expert report due on <u>n/a        </u>.

(g) Motions to amend or to add parties to be filed by <u>February 15, 2008</u>.

(h) Dispositive motions are to be served within <u>180</u> days of completion of discovery.

(i) All discovery to be completed by <u>July 1, 2008</u>.

(j) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders

(k) A pretrial conference may take place on <u>_____</u>.

11. *Do you anticipate any discovery problems(s).* Yes.

    Defendants have refused to produce records and long delayed appearance for depositions in companion case, Civ. No. 5522-06 (GEB).

12. *Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)?*

    Yes. Possible discovery required from DMX and from agents and employees of Jay Kay Jay, Inc.

13. *State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate*

*at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).*

No. Defendants have resisted repeated efforts by ASCAP to amicably resolve disputes for the past five (5) years or more.

14. *Is this case appropriate for bifurcation?* <u>No</u>.

15. *An interim status/settlement conference (with clients in attendance), should be held during the month of _____, 200___.*

16. *We [do_____ do not _____] consent to the trial being conducted by a Magistrate Judge.*

<u>/s/ David K. DeLonge</u>     <u>October 10, 2007</u>
David K. DeLonge (DD9662)
Attorneys for Plaintiffs